IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL ANTHONY ELLIOTT,       )
                               )
            Petitioner,        )
                               )
      v.                       )    1:06CV457
                               )
SELMA TOWNES, et al.,          )
                               )
            Respondents.       )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is seeking to challenge two different habitual felon convictions. On March 15, 2002, after trial by jury in the Superior Court of Durham County, Petitioner was convicted of felonious breaking and entering and felonious larceny in case 01-CRS-46744. Petitioner then admitted to being a habitual felon in case 01-CRS-18609 and was subsequently sentenced to 168-211 months imprisonment for both cases. On the same day, Petitioner entered guilty pleas to three counts of felonious breaking and entering a motor vehicle and misdemeanor larceny in cases 01-CRS-05217 through 01-CRS-05219 and again admitted to being a habitual felon in case 01-CRS-54386. In accordance with Petitioner's plea agreement, his convictions were consolidated for judgment. He was sentenced to an additional 168-211 months imprisonment, with the sentences to run concurrently.

On January 6, 2004, the North Carolina Court of Appeals issued an unpublished opinion finding no error as to the felonious larceny

and breaking and entering convictions and the associate habitual felon conviction. State v. Elliott, 162 N.C. App. 181, 590 S.E.2d 332 (2004)(table). The convictions from the guilty plea were not appealed. Petitioner then filed a motion for appropriate relief ("MAR") in Durham County Superior Court concerning the convictions resulting from the trial, which was denied on November 4, 2004. His first petition for writ of habeas corpus, also filed in Durham County, was treated as a second MAR and denied on November 5, 2004. It only challenged both his habitual felon convictions.[1] After Petitioner's subsequent petition for writ of certiorari was denied by the North Carolina Court of Appeals on November 14, 2005, he filed his pro se federal habeas petition in this Court.

## Petitioner's Claims

Petitioner raises four grounds for relief, all relating to his adjudication and sentencing as a habitual felon. Specifically, he claims in the first ground for relief that the State violated due process by charging him with being a habitual felon and placing him

---

[1] The challenge to the second habitual felon conviction is likely time barred because it was filed on February 23, 2004, which is more than one year afer the conviction in March 2002. 28 U.S.C. § 2244(d). The state has neither raised the statute of limitations defense nor waived it. Petitioner's own submissions show that the challenge to 01-CRS-54386 is untimely.
  The Court has the authority to raise the statute of limitation sua sponte. Day v. McDonough, 547 U.S. 198 (2006). Because the conviction is clearly barred, the Court does so. The parties may make their views or objections known in the objections to this recommendation.
  Petitioner himself has made review difficult by treating both habitual felon charges as if they were a single combined process. They were not. The most that can be said is that according to Petitioner, he was indicted for all of the offenses on September 17, 2001. See Tab 8, Docket No. 12. In any event, because Petitioner is barred from challenging the conviction in 01-CRS-54386, even if he were successful as to the other convictions, he still would have to serve the 168-211 months on the 01-CRS-54386 conviction.

-2-

under bond without being indicted in violation of state and federal law. In the second ground for relief, he claims that after he was charged by the state magistrate and given a bond, it violated his federal right to be safe from double jeopardy for the State to indict him because he was twice deprived of liberty. In grounds three and four, he claims that he received ineffective assistance of counsel and that his sentences amount to cruel and unusual punishment.

## **Legal Standards**

If the Court finds that Petitioner's claims were adjudicated by the state courts on their merits, it must then apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to each claim. Under that statute, habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the

Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-410. A holding is not reasonable simply because precedent written by one of the Nation's jurists agrees with it. Id. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, Petitioner did not raise the substance of his claims on direct appeal to the North Carolina Court of Appeals. He did, however, present at least two of his four claims to the state courts in his MARs, as well as in his subsequent petition for writ of certiorari to the North Carolina Court of Appeals. The State summarily dismissed all of the claims in the MARs on their merits, holding in both instances that the motions "set[] forth no probable grounds for relief." Such dismissals are considered adjudications on the merits sufficient to trigger the deferential AEDPA standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Therefore, Petitioner must establish (1) that the state court's rulings were contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or (2) that the state court's decisions were based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Petitioner has not satisfied either of these prongs as to any of his claims.

## Discussion

### Claim One

The first ground for relief was not raised in state court. The State has neither raised nor waived Petitioner's failure to exhaust his state court remedies. The Court, nevertheless, chooses to dismiss the claim on the merits. 28 U.S.C. § 2254(d). Petitioner first argues that, because he was charged with habitual felon status and placed under bond before being indicted by a grand jury, his due process rights were violated. Additionally, he argues that this procedure violated North Carolina General Statutes §§ 14-7.1 and 14-7.2, which deal with punishment of habitual felons. As the State correctly notes, Petitioner's latter argument is inapposite to his due process claim, because alleged misapplications of state law are not subject to federal habeas review. Thomas v. Davis, 192 F.3d 445, 449 (4th Cir. 1999)(A state court is the "ultimate arbiter of that state's laws; a claim that it had simply misconstrued an act of the state legislature would not be cognizable on federal collateral review.").

Petitioner's due process argument similarly lacks merit. He fails to explain why he could not be arrested on a complaint and thereafter indicted. The complaint merely serves to keep a felony defendant under the court's control until an indictment issues upon which he or she will be tried. That is, in fact, the way the federal criminal system works. See Fed. R. Crim. P. 3-7. Moreover, it is well settled that there is no federal constitutional right to an indictment in state criminal

proceedings. See Hurtado v. California, 110 U.S. 516, 537-38 (1884); see also United States v. Floresca, 38 F.3d 706, 709 (4th Cir. 1994). As long as a defendant receives sufficient notice of the charges against him so that he may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. See, e.g., Valentine v. Konteh, 395 F.3d 626, 631-632 (6th Cir. 2005)(collecting cases). Thus, Petitioner could actually have been tried and convicted without an indictment. He clearly has no right to complain about being arrested without one. In addition, to the extent Petitioner complains about the issue of bond, it is moot as a result of the conviction. James v. Reese, 546 F.2d 325 (9th Cir. 1976). Accordingly, no constitutional issue arises from this alleged state-law violation.

### Claim Two

Petitioner next contends that his rights to be free from double jeopardy was violated when he was first charged and put under a bond by a state magistrate and then later indicted. This challenge is also without merit. Double jeopardy protects against multiple convictions or punishment for the same offense. Illinois v. Vitale, 447 U.S. 410 (1980). Petitioner was never in danger of being convicted on both the complaint and the indictment. And, as noted earlier, bail issues are moot now that Petitioner has been convicted.

The State also raised the fact that Petitioner has failed to present this set of facts to the state court. Rather than dismiss for failure to exhaust state court remedies, the court has again

elected to dismiss the claim on the merits. In state court, Petitioner argued that the two double jeopardy convictions constituted the same offense because both used the same felonies as a basis for the past offenses. Because this claim is also without merit but obviously causes much confusion to Petitioner, the court will briefly discuss it as well.

Petitioner first brought a double jeopardy claim regarding his two "identical" indictments in his second MAR. As stated above, the state court reasonably adjudicated and denied all of the allegations in the second MAR on their merits.

The Double Jeopardy Clause protects a defendant from facing repeated prosecutions for the same offense. This means that each offense must contain an element not contained in the other. <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993). Thus, the pivotal issue here is whether Petitioner was convicted for two offenses with identical elements. Upon review of the indictments in this case, the answer is clearly no. While each indictment utilizes the same three underlying past felonies, each is also based on a different, fourth substantive felony. In case 01-CRS-18609, the date of the additional felony (or, in this case, felonies) was May 6, 2001, and in case 01-CRS-54386, the additional felonies were committed on August 10, 2001. "[B]eing a habitual felon is a status, that once attained, is never lost." <u>State v. Creason</u>, 123 N.C. App. 495, 501, 473 S.E.2d 771, 774 (1996). Thus, the underlying convictions used to establish a defendant's habitual felon status for one substantive conviction may also be used in conjunction with a later

substantive conviction to establish that status a second, separate time. Id. This is precisely what occurred here. In short, the two habitual felon charges against Petitioner and the accompanying bonds do not constitute double jeopardy because each contains one element that the other does not. Thus, even if Petitioner had raised the issue here as he did in state court, he would not be entitled to relief.

**Claim Three**

Petitioner's third claim, ineffective assistance of counsel, is predicated on the assumption that his conviction was obtained in violation of due process and double jeopardy. Specifically, Petitioner contends that, in light of these violations, his attorney "should have known that [the] Trial and Sentencing Court did not have proper subject matter jurisdiction concerning the Habitual Felon Status." However, as discussed above, Petitioner fails to show that any due process or double jeopardy concerns affected his conviction. Because he has made no showing that the state court lacked jurisdiction, his ineffective assistance claim necessarily fails.

**Claim Four**

In his fourth and final claim, Petitioner argues that his sentences amount to cruel and unusual punishment. He particularly alleges, among other concerns, that the trial court erred by considering the convictions used to establish his habitual felon status when determining his prior record level for sentencing. He also contends that a number of misdemeanor points were erroneously

-8-

charged against him. As with Petitioner's due process claim, his basic argument on this point is that there was some misapplication of state law. Again, however, a contention which rests entirely on an application of state law is not cognizable on federal habeas review. Thomas v. Davis, 192 F.3d at 449. Moreover, the state court reasonably adjudicated and denied Petitioner's cruel and unusual punishment claim on its merits in both of his MARs. This Court may not re-examine a state court's determination of state law. Roach v. Angelone, 176 F.3d 210 (4th Cir. 1999). Thus, his claim must be denied.

Even if Petitioner's cruel and unusual punishment claim were considered on its merits, the result remains unchanged. First, a sentence within the period provided under state law does not present a constitutional challenge. Rummel v. Estelle, 445 U.S. 263 (1980); Hutto v. Davis, 454 U.S. 370 (1982). This case does not present one of the rare circumstances when proportionality review would be appropriate, such as where a defendant received life without parole for a minor offense.

Second, a review of Petitioner's prior record level worksheet reveals no improper calculations. While Petitioner is correct that, if multiple convictions are obtained in one calendar week, only one may be used to determine prior record level, N.C. Gen. Stat. § 15A-1340.14(d), nothing prohibits courts from using another of those convictions to establish habitual felon status. State v. Truesdale, 123 N.C. App. 664, 665, 478 S.E.2d 210, 211 (1996). The statute cited by Petitioner, N.C. Gen. Stat. § 14-7.6, only

-9-

prohibits using the *same* conviction for establishing both habitual felon status and the prior record level for sentencing as a habitual felon. Notably, this prohibition does not extend to sentencing for a *different* habitual felon conviction. Thus, the underlying past convictions used to establish one habitual felon conviction may properly be used to determine the prior record level for a second habitual felon conviction. See State v. Smith, 112 N.C. App. 512, 517, 436 S.E.2d 160, 162 (1993).

Even if this were not the case, non-inclusion of the three underlying past felonies would not affect Petitioner's prior record level. He remains a Level VI for sentencing purposes even absent these convictions. As for Petitioner's contention that eleven misdemeanor points were erroneously considered in establishing his prior record level, Petitioner has presented no evidence to support his claim, and it must therefore be denied.

Similarly, Petitioner's claim that he was improperly sentenced in the aggravated range is incorrect. Under N.C. Gen. Stat. § 15A-1340.17(c), the minimum Class C sentence for a record level VI defendant is presumptively between 135 and 168 months. The sentencing judge in this case simply determined that Defendant should receive a minimum sentence at the high end of this range. Petitioner's maximum sentence also falls within the presumptive range, as shown in the table accompanying § 15A-1340.17(e). There is no evidence that this sentence was cruel or unusual.

-10-

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (docket no. 10) be granted, that the habeas petition (docket no. 5) be denied, and that Judgment be entered dismissing this action.

```
                              /s/ Russell A. Eliason
                              United States Magistrate Judge
```

June 14, 2007